Albert Nelson v. The State.

No. 10197.    Delivered May 26, 1926.

**Theft—Requested Charge—Covered by Main Charge—Properly Refused.**

Where the court in his main charge submits in an appropriate way the law governing a particular issue presented in the case, it is proper practice to refuse a requested charge covering the same issue, and especially so was it, in this case, where the main charge presented the defensive theory correctly and more favorably to appellant than did his requested charge, which was refused.

Appeal from the District Court of Shackelford County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft, and the punishment is two years in the penitentiary.

There are no bills of exceptions contained in the record. The evidence is entirely sufficient to justify the jury's verdict in finding the appellant guilty as a principal in the commission of the offense.

There were three special charges offered which were by the court refused. Two of these were in effect peremptory instructions to acquit and, under the view stated of the evidence, the court correctly refused same.

By his special charge No. 3, appellant requested the court to charge as follows:

"You are charged as a part of the law applicable to this case that if you should find that the defendant was present at the time the alleged offense was committed, if any, it would be necessary, before you could convict the defendant, that you further find from the evidence that the defendant at the time of the taking, aided by words or encouraged by gestures the actual taking of the property."

The court in his main charge submitted this question in the following language:

"The bare presence of the defendant would not constitute him a principal. You must go further and find from the evidence beyond a reasonable doubt that he was aiding or assisting in the taking of the property in question, if it was taken, and knew the guilty intent of his co-principal."

The matter as presented by the court was given in a much more favorable light than was the requested charge which the court refused to give. In the court's main charge the defensive theory was presented in connection with the reasonable doubt, while in the charge requested, the question of reasonable doubt was ignored. We think a citation of authorities is unnecessary to sustain the conclusion that the court correctly refused the special charge.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.